Argued and submitted June 3, affirmed November 27, 1991

In the Matter of the Estate of
Lloyd Lynch, Deceased.

Dorothy E. BLESSING,
Personal Representative of
the Estate of Lloyd Lynch, Deceased,
*Respondent,*

*v.*

Velma M. NICHOLAS,
*Objector-Appellant.*

(9002-90372; CA A67194)

820 P2d 1376

Steven M. Cyr, Portland, argued the cause for objector-appellant. With him on the briefs was Cyr & Benner, P.C., Portland.

Duane A. Bartsch, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

■     In this probate proceeding, the objector (Nicholas) and the personal representative (Blessing) are the daughters of the decedent. Nicholas objected to Blessing's final account, contending that a certificate of deposit, a money market account and a checking account at Western Bank, which Blessing asserts were jointly owned by the decedent and her and passed to her by right of survivorship, should have been included as assets of the estate and distributed equally to the daughters under the will. The trial court rejected the objections, approved the final account and entered a decree of distribution in accordance with Blessing's petition. Nicholas appeals, and we affirm.

ORS 708.616 provides, in material part:

"(1)   Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created. * * *

"* * * * *

"(5)   A right of survivorship arising from the express terms of the account or under this section, a beneficiary designation in a trust account, or a P.O.D. payee designation, cannot be changed by will."

We have held that that statute means precisely what it says and, to the extent that Nicholas' arguments attempt to avoid its literal and unambiguous meaning, we reject them. *See Cox v. Henderson*, 90 Or App 6, 751 P2d 225 (1988); *Jacobs v. Jacobs*, 82 Or App 333, 728 P2d 89 (1986); *Plue v. Hill*, 63 Or App 677, 666 P2d 835 (1983).

■■     Nicholas also argues that the certificate of deposit is not subject to ORS 708.616. Although the certificate was issued in the names of the decedent and Blessing, neither of them signed any documents in connection with its issuance. Nicholas relies on ORS 708.621, which requires a "written order" to *alter* the "form of an account." She reasons that the same requirement should apply in connection with the *creation* of an account. However, there is nothing in the statutes to substantiate that argument. The fact that ORS 708.621 provides that a writing is necessary to alter the form of an

account, but does not specify that a writing is required to establish one, is contrary to Nicholas' argument. In addition, there was evidence from an officer of the bank that it is the bank's practice not to require signature cards for certificates of deposit and for ownership to be evidenced solely by the names on the instruments. We conclude that the certificate of deposit was subject to ORS 708.616.

■ Nicholas contends next that, even assuming that ORS 708.616 applies, there was clear and convincing evidence that the decedent did not intend to create a right of survivorship in Blessing at the time that the three accounts were opened. We disagree. The evidence shows that the decedent was knowledgeable about his financial affairs, that he was aware of the form of the accounts and what they signified, that Blessing had been attentive and of great assistance to him in his last years and that Nicholas had not. Nicholas did not carry her burden of proving that the decedent did not intend for the accounts to pass to Blessing by right of survivorship.

■ Finally, Nicholas contends that ORS 708.616 and the cases construing them are inapposite, because the account documents in those cases expressly used the words "joint tenants with right of survivorship." Even assuming the correctness of Nicholas' understanding of the facts in those cases, they do not state the rule of law that she would infer. To the contrary, ORS 708.600(3) defines "joint account" to mean

"an account payable on request to one or more of two or more parties *whether or not mention is made of any right of survivorship.*" (Emphasis supplied.)

Affirmed.